# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 1:10CV192-GCM-DSC

| | |
|---|---|
| NATIONWIDE TRUSTEE SERVICES, INC., as TRUSTEE/SUBSTITUTE TRUSTEE., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND RECOMMENDATION**<br>) **AND ORDER**<br>) |
| BRUCE M. LOWENTHAL, AMY L. LOWENTHAL, BANK OF AMERICA, N.A., AVERY COUNTY, NORTH CAROLINA, and MORGANTON AUTO LEASING, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Judgment on the Pleadings" (document #22) filed November 18, 2010; "Defendant Avery County's Motion to Dismiss ..." (document #23) filed December 6, 2010; and the parties' associated briefs and exhibits. See documents ## 24-27.

On January 6, 2011, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and these Motions are now ripe for the Court's consideration.

This action involves an ongoing foreclosure proceeding on a deed of trust on real property located at 354 Humpview Trail in Banner Elk, North Carolina (hereinafter "real property") by Plaintiff Nationwide Trustee Services, Inc., as Substitute Trustee.

On October 31, 2006, Defendants Bruce M. Lowenthal and Amy L. Lowenthal purchased the real property. That same date, the Lowenthals executed a promissory note to Defendant Bank

of America, N.A. in the amount of $298,771.00.  The Lowenthals also executed a deed of trust on the real property as collateral for the promissory note.

On July 24, 2008, Defendant Bank of America appointed Plaintiff Substitute Trustee on the deed of trust.

On August 31, 2009, Defendant Avery County filed suit there to foreclose a tax lien against the real property.  It is undisputed that Plaintiff was not given notice of the tax foreclosure proceeding.

On November 23, 2009, Defendant Avery County sold the real property to Defendant Morganton Auto Leasing, LLC.

Sometime in 2009 and apparently after the tax foreclosure sale was concluded, Plaintiff instituted an action in Avery County Superior Court to foreclose on the deed of trust.

On March 10, 2010, a hearing was held before Teresa Benfield, Assistant Clerk of Superior Court, who issued an Order permitting Plaintiff to conduct a foreclosure sale.  The Assistant Clerk found that the promissory note evidenced a valid debt that was in default and that all record owners of the property had received notice of the hearing.  Exhibit 10 to Complaint (document #1).

On March 24, 2010, Defendant Morganton Auto Leasing, LLC filed a "Motion to Set Aside" the Order, stating that it is the record owner of the real property and had not received notice of the March 10 hearing.  Exhibit 11 to Complaint (document #1).

On March 31, 2010, the Honorable Lisa Daniels, Avery County Clerk of Court, issued an "Order to Set Aside Order."  Exhibit 13 to Complaint (document #1).  The Clerk's Order states in its entirety : "FOR GOOD CAUSE SHOWN, the Order entered March 10, 2010 by this Court is VACATED due to lack of service, and any sale subsequent thereto, shall be cancelled."  Id. (emphasis in original).

On September 3, 2010, Plaintiff filed its Complaint in the Western District of North Carolina, alleging what amounts to an action to quiet title.

On November 18, 2010, Plaintiff filed its Motion for Judgment on the Pleadings.

On December 6, 2010, Defendant Avery County filed its Motion to Dismiss.

Plaintiff lacks standing to bring this action. "The core component of standing is an essential and unchanging part of the case-or-controversy requirement." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In addition to establishing federal subject matter jurisdiction, typically through diversity of citizenship or the existence of a federal question, the party seeking to invoke a federal court's subject matter jurisdiction has the burden of establishing standing to pursue the claim. Id. at 561.[1]

As the Supreme Court explained in Lujan,:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-61 (internal citations omitted).

---

[1] Plaintiff alleges the existence of federal diversity subject matter jurisdiction, contending that it is a Tennessee corporation, while Defendants are citizens of North Carolina, Delaware, and/or Florida. Plaintiff further alleges that since the value of the property appears to exceed $75,000, the amount in controversy requirement is met as well. Because Plaintiff obviously lacks standing, the Court has not considered whether diversity subject matter jurisdiction might otherwise exist. The Court does note that foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

In its brief, Plaintiff argues it "has standing because the Answering Defendants seek to use the void and tainted tax foreclosure to strip the Property as the res for the Deed of Trust." "Plaintiff's Memorandum for Judgment on the Pleadings" at 11 (document #22-1). To the contrary, the record shows that the Clerk's decision to vacate the foreclosure order was based entirely on a procedural flaw - failure to give proper notice - rather than a substantive decision that the tax sale impaired Plaintiff's ability to foreclose on the deed of trust. Nothing in the record indicates that Plaintiff is prohibited from obtaining proper service and pursuing the foreclosure on the real property. Plaintiff has failed to show that it is has suffered a concrete, particularized, and actual injury, or that such an injury is imminent. Accordingly, Plaintiff lacks standing, and this matter must be dismissed for lack of subject matter jurisdiction.

Plaintiff's Complaint is also barred by the Rooker-Feldman doctrine, which prohibits plaintiffs from attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack upon the Clerk's March 31, 2010, Order or the underlying foreclosure proceeding itself, the Rooker-Feldman doctrine bars Plaintiff's claims.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Plaintiff's Motion for Judgment on the Pleadings" (document #22) be **DENIED**.

2. "Defendant Avery County's Motion to Dismiss ..." (document #23) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Graham C. Mullen.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 13, 2011

David S. Cayer
United States Magistrate Judge