UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-CV-192-GCM

| | |
|---|---|
| NATIONWIDE TRUSTEE SERVICE INC. As Trustee/Substitute Trustee, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **ORDER** |
| BRUCE M. LOWENTHAL, AMY L. LOWENTHAL, BANK OF AMERICA, N.A. AVERY COUNTY, NC and MORGANTON AUTO LEASING, LLC | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court upon the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David S. Cayer, filed January 13, 2011. [D.I. 29]. In the M&R, Judge Cayer denied the Plaintiff's Motion for Judgment on the Pleadings [D.I. 22], and granted Defendant Avery County's Motion to Dismiss [D.I. 23]. Judge Cayer recommended dismissing this case without prejudice. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the M&R must be filed within fourteen days after service of the M&R, and responses to the objections must be filed within fourteen days thereafter. Plaintiff filed a timely objection to the M&R. [D.I. 30]. No party responded. The Court has conducted an independent review of the M&R, the Plaintiff's objection, and a *de novo* review of the record. For the reasons laid out below, the Magistrate's conclusion is adopted, but for different reasons than those laid out in the M&R.

1

On October 31, 2006, the Defendants Bruce and Amy Lowenthal purchased the real property at issue in this dispute, 354 Humpview Trail in Banner Elk, North Carolina (the "Property"). The Defendants executed a promissory note the same day with Defendant Bank of America, N.A. for $298,771.00. The Lowenthals also executed a deed of trust on the Property as collateral for the promissory note. Defendant Bank of America appointed the Plaintiff as Substitute Trustee on the deed of trust in July of 2008, with the same rights and powers as though the Substitute Trustee were named in the original deed of trust. On August 31, 2009, Defendant Avery County filed suit to foreclose a tax lien on the Property. The Defendants admit that Plaintiff was not given notice of the tax foreclosure proceedings. On November 23, 2009, Defendant Avery County sold the Property to Defendant Morganton Auto Leasing, LLC. In late 2009, Plaintiff commenced an action in Avery County Superior Court to foreclose on the deed of trust. On March 10, 2010, the Assistant Clerk of Superior Court found the promissory note was in default and all record owners of the Property received notice, and issued an Order permitting Plaintiff to conduct a foreclosure sale. [D.I. 1-10]. On March 24, 2010, Defendant Morganton Auto Leasing, LLC filed a Motion to Set Aside the March 10, 2010 Order, stating it is record owner of the Property and did not receive notice of the foreclosure sale hearing. [D.I. 1-11]. On March 31, 2010, the Avery County Clerk of Court issued an Order to Set Aside Order, vacating the March 10, 2010 order and cancelling any sale subsequent thereto. [D.I. 1-13]. On September 3, 2010, Plaintiff filed its Complaint in this Court, seeking to quiet title to the Property. [D.I. 1]. On November 18, 2010, Plaintiff filed a Motion for Judgment on the Pleadings. [D.I. 22]. On December 6, 2010, Defendant Avery County filed a Motion to Dismiss. [D.I. 23].

The Magistrate found that the Plaintiff lacked standing to pursue the suit because "[n]othing in the record indicates that the Plaintiff is prohibited from obtaining proper service and pursuing the

foreclosure on the real property. Plaintiff has failed to show that it has suffered a concrete, particularized, and actual injury, or that such an injury is imminent." M&R at 4. Additionally, the Magistrate found Plaintiff's Complaint was also barred by the Rooker-Feldman doctrine, which prohibits plaintiffs from attacking state court judgments in federal court. Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).

After consideration of the issues, the Court has determined that abstention is appropriate in this case under the Burford doctrine. In Burford v. Sun Oil Co., a district court dismissed a proceeding dealing with rights of various property owners to drill for oil, an issue for which the state had set up a review procedure. 319 U.S. 315 (1943). The Supreme Court affirmed the dismissal and held that when a district court sits in equity, it may decline to exercise its jurisdiction over a case to demonstrate "proper regard for the rightful independence of state governments in carrying out their domestic policy." 319 U.S. 315, 318 (1943). Burford gave birth to what is now known as Burford abstention, which the Supreme Court defined in New Orleans Public Service, Inc. v. Council of the City of New Orleans:

> [W]e have distilled the principle now commonly referred to as the "Burford doctrine." Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) where there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;" or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." 491 U.S. 350, 361 (1989)(citations omitted).

The Court recognizes that abstention, under Burford or any other abstention doctrine, is the exception and not the rule. Federal courts have "virtually unflagging" obligations to exercise their jurisdiction. MLC, Automotive LLC v. Town of Southern Pines, 532 F.3d 269, 280 (4th Cir. 2008).

3

There is no specific formula for applying Burford abstention; the doctrine stems from the principles of comity and dual sovereignty. Id.

Based on the aims of comity and dual sovereignty, abstention has been of particular import to federal courts in examining local and state land use laws. Fralin & Waldron, Inc. v. City of Martinsville, Va., 493 F.2d 481, 482-483 (4th Cir. 1974)(finding abstention on the basis of Louisana Power and Light Co. v. City of Thibodaux, 360 U.S. 25 (1959)). More recently, in MLC Automotive, the Fourth Circuit found that "cases involving questions of state and local land use and zoning law are a classic example of situations where Burford should apply." 532 F.3d 269 at 282. Land use and zoning issues are matters of particular local concern where federal courts have not traditionally left their footprint. Id. at 284. Thus, in cases where the plaintiff's claims stem from construction of state and local land use laws, or the federal claims are "entangled in a skein of state-law that must be untangled before the federal case can proceed," federal courts should abstain. New Orleans Public Service, Inc., 491 U.S. at 361; see also, MLC Automotive, 532 F.3d 269 at 282. The Fourth Circuit noted that Burford abstention was especially appropriate in MLC Automotive, where North Carolina law was at issue, because the North Carolina Supreme Court has no mechanism by which federal courts can certify questions. 532 F.3d 269 at 284.

The Court has determined that this sort of land use and title dispute question is an example of a situation in which Burford abstention is appropriate. The state has a clear regulatory system in place to deal with title and mortgage disputes, as evidenced by the previous state proceedings in this case. Particularly in a case like this, where Plaintiff claims diversity jurisdiction and there is no federal question at all, federal courts wading into North Carolina land law and procedure in an area of special state interest is inappropriate. As a result of the abstention decision, the Court will not rule on the Magistrate's decision regarding the Plaintiff's standing. The Court also finds Burford

abstention more appropriate than Rooker-Feldman abstention in light of the Plaintiff's persuasive argument in their Objection that the Plaintiff was not in fact a party to the tax foreclosure sale, and thus is not challenging that state court judgment.

In light of the foregoing, this case is ordered **DISMISSED WITHOUT PREJUDICE** and the parties are advised to pursue their claims in state court.

Signed: May 18, 2011

Graham C. Mullen
United States District Judge